Filed 6/23/21  P. v. Lopez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F080822 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SUF19495) |
| HECTOR MANUEL LOPEZ, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT\*

APPEAL from an order of the Superior Court of Merced County.  Jeanne Schechter, Judge.

Carla J. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Thomas S. Patterson, Assistant Attorney General, Anthony R. Hakl and Nelson R. Richards, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P.J., Detjen, J. and DeSantos, J.

Defendant Hector Manuel Lopez was convicted of second degree murder based on a conspiracy or aiding and abetting theory and sentenced to 15 years to life.[1] He filed a petition for resentencing, pursuant to Penal Code section 1170.95,[2] based upon the changes to the felony-murder rule and the natural and probable consequences doctrine of aider and abettor liability effectuated by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437). The trial court dismissed his petition, concluding that Senate Bill 1437 is unconstitutional. On appeal, defendant contends the trial court's decision was error. The People agree. We reverse the order and remand this matter for further proceedings pursuant to section 1170.95.

## PROCEDURAL SUMMARY

On May 2, 1995, the Merced County District Attorney filed an information charging defendant with the murder of Juan Viera (§ 187; count 1), three counts of attempted murder (§§ 187, 664; counts 2, 4, & 6), and three counts of assault with a deadly weapon (§ 245, subd. (a)(2); counts 3, 5, & 7). The information further alleged defendant personally used a firearm in the commission of each offense (§ 12022.5, subd. (a)) and was armed with a firearm in the commission of offenses as to counts 2, 4 and 6 (§ 12022, subd. (a)(1)).

On May 6, 1996, defendant was found guilty of second degree murder on count 1, and guilty on counts 2 through 7 as charged. The jury found the firearm enhancements not true. On July 18, 1996, the trial court sentenced defendant to 15 years to life on count 1 and three consecutive life sentences on counts 2, 4, and 6.

---

[1]    Defendant was also convicted of three counts of attempted murder and three counts of assault with a firearm. He was sentenced to three consecutive life sentences for the attempted murder convictions.

[2]    All further statutory references are to the Penal Code.

2.

On February 19, 1998, in a nonpublished opinion (*People v. Lopez* (Feb. 19, 1998, F026470)), this court affirmed the judgment. On May 20, 1998, our Supreme Court denied defendant's petition for review (S068969).[3]

On November 1, 2019, defendant filed a petition for resentencing pursuant to section 1170.95 and requested that counsel be appointed.

On December 26, 2019, the trial court denied the petition in a written order, concluding that Senate Bill 1437 is unconstitutional.

On February 21, 2019, defendant filed a notice of appeal.

## DISCUSSION[4]

### Statutory Background

Effective January 1, 2019, Senate Bill 1437 limited accomplice liability under the felony-murder rule[5] and the natural and probable consequences doctrine.[6] (§§ 188, 189,

---

[3] On July 29, 2020, this court took judicial notice of our February 19, 1998 opinion and March 19, 1998 order modifying our opinion in case No. F026470. We also took judicial notice that the trial court instructed on the natural and probable consequence doctrine.

[4] Because defendant raises only legal issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

[5] Prior to Senate Bill 1437's enactment, " '[t]he felony-murder rule impute[d] the requisite malice for a murder conviction to those who commit[ted] a homicide during the perpetration of a felony inherently dangerous to human life.' " (*People v. Friend* (2009) 47 Cal.4th 1, 76.) Prior to Senate Bill 1437's enactment, specifically with respect to felony murder with robbery as the underlying felony, section 189, subdivision (a), stated, "All murder … that is committed in the perpetration of, or attempt to perpetrate, … robbery … is murder of the first degree."

[6] Prior to Senate Bill 1437's enactment, " ' "[a] person who knowingly aid[ed] and abet[ted] criminal conduct [was] guilty of not only the intended crime [target offense] but also of any other crime the perpetrator actually commit[ted] [nontarget offense] that [was] a natural and probable consequence of the intended crime." ' " (*People v. Chiu* (2014) 59 Cal.4th 155, 161.) " ' "[B]ecause the nontarget offense [was] unintended, the mens rea of the aider and abettor with respect to that offense [was] irrelevant and culpability [was] imposed simply because a reasonable person could have foreseen the

3.

as amended by Stats. 2018, ch. 1015, §§ 2–3; *People v. Cruz* (2020) 46 Cal.App.5th 740, 755; *Lamoureux*, *supra*, 42 Cal.App.5th at p. 246.)  The Legislature's purpose was " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant of the underlying felony who acted with reckless indifference to human life.'  (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the 'person was the actual killer'; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the 'person was a major participant in the underl[y]ing felony and acted with reckless indifference to human life.' " (*People v. Cornelius* (2020) 44 Cal.App.5th 54, 57, review granted Mar. 18, 2020, S260410.)

"Senate Bill 1437 also [added section 1170.95, which] established a procedure permitting certain qualifying persons who were previously convicted of felony murder or murder under the natural and probable consequences doctrine to petition the courts that sentenced them to vacate their murder convictions and obtain resentencing on any remaining counts." (*Lamoureux*, *supra*, 42 Cal.App.5th at p. 246; § 1170.95, added by Stats. 2018, ch. 1015, § 4.)  Under that procedure, a convicted person is eligible for relief if the following conditions are met:  "(1) A complaint, information, or indictment was filed against the [defendant] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶] (2) The [defendant] was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the [defendant] could be convicted for first degree or second degree murder.  [¶]  (3) The [defendant] could not be convicted

commission of the nontarget crime." ' " (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248 (*Lamoureux*).)

4.

of first or second degree murder because of [the] changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)–(3).)

**Analysis**

The trial court found that Senate Bill 1437 is unconstitutional because it improperly amended Proposition 7 (the Briggs Initiative) and Proposition 115 (the Crime Victims Justice Reform Act). The parties agree, as do we, that the trial court's conclusion was erroneous.

Our Supreme Court has not addressed the constitutionality of Senate Bill 1437. However, this court considered and rejected arguments advancing positions similar to those reached by the trial court on the constitutionality of Senate Bill 1437. (*People v. Nash* (2020) 52 Cal.App.5th 1041, 1053 [collecting cases].)[7,8] We agree with the analysis of *Nash* and come to the same conclusion. The trial court erred in concluding Senate Bill 1437 is unconstitutional.

Defendant further asks us to order the trial court to appoint counsel to litigate his eligibility for Senate Bill 1437 relief. However, appointment of counsel is only required

---

[7]    In *Nash*, one justice dissented from the majority's conclusion with regard to Proposition 7, but otherwise concurred. (*People v. Nash*, *supra*, 52 Cal.App.5th at p. 1084 (conc. & dis. opn. of Poochigian, A.P.J.).)

[8]    Other courts of appeal have also consistently rejected arguments that were very similar to the trial court's opinion finding Senate Bill 1437 was unconstitutionally inconsistent with Propositions 7 and 115. (*People v. Lombardo* (2020) 54 Cal.App.5th 553, 555, 559–565 [Props. 7, 9, 115]; *People v. Superior Court* (*Ferraro*) (2020) 51 Cal.App.5th 896, 902 [Props. 7, 115]; *People v. Lopez* (2020) 51 Cal.App.5th 589, 594 [same]; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 211 [Props. 7, 115; separation of powers]; *People v. Johns* (2020) 50 Cal.App.5th 46, 54–55 [Props. 7, 9, 115; separation of powers]; *People v. Prado* (2020) 49 Cal.App.5th 480, 492 [Props. 7, 115]; *People v. Smith* (2020) 49 Cal.App.5th 85, 91–92 [Prop. 7], review granted July 22, 2020, S262835; *People v. Bucio* (2020) 48 Cal.App.5th 300, 306 [Props. 7, 115]; *People v. Solis* (2020) 46 Cal.App.5th 762, 784 [same]; *People v. Cruz*, *supra*, 46 Cal.App.5th at p. 747 [same]; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270, 275, 289 [same]; *Lamoureux*, *supra*, 42 Cal.App.5th at p. 246 [Props. 7, 9, 115; separation of powers].)

under section 1170.95 if a defendant makes a prima facie showing of entitlement to relief. The trial court never considered whether defendant made such a showing because it concluded that Senate Bill 1437 is unconstitutional. We will not make that determination in the first instance. The trial court must determine whether defendant has made a prima facie showing of eligibility for relief and, if so, must appoint counsel. (§ 1170.95, subd. (c).) We express no opinion on whether defendant has made a prima facie showing of eligibility for relief.

## DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is reversed and the matter is remanded to the trial court.